Jones, J.
In the trial court the issues were found by the jury in favor of the plaintiff, and there was ample evidence to sustain them, including the fact that the clerk of the defendants, when asked for a pound of Epsom salts, gave the plaintiff citric acid *348 by inadvertence. The court charged the jury that if such action on the part of the clerk resulted from the negligence of the latter in the dispensing of such drug, the plaintiff could recover. This was an action ex delicto> the gist whereof is negligence. If it was true, as charged in the petition, that the defendants sold and delivered citric acid, a harmful medicine, which, taken in the quantity wherein Epsom salts are ordinarily used, caused the pain and suffering which the plaintiff charged, these facts, in themselves, constitute a cause of action, and proof thereof would authorize a recovery in the absence of countervailing evidence overcoming the proof so offered.
It is the contention of the plaintiffs in error that a distinction should be drawn between the sale to a customer of a deadly poison and the sale of a drug which is harmful and injurious to the customer, but not deadly. However, there is no distinction in principle between the sale of the one and the other. The keeping and dispensing of deadly poisons may impose greater care upon the druggist, but it is no less an obligation upon his part to see that the order of the customer is complied with, and that the customer does not receive in lieu thereof a drug which will cause pain and suffering when innocently taken, by him upon the reliance and belief that he is taking the harmless drug asked for.
The general principle of liability in such cases is announced in the following text:.
“Where a druggist’s clerk in the course of his employment negligently supplies a harmful drug in lieu of a harmless one called for, either by prescription or otherwise, and injury results from taking it, *349 the druggist will be liable in damages.” (19 Corpus Juris, 780, where a large number of authorities are cited, some of which fully support the text.)
The principal cases cited by plaintiffs in error are Brown v. Marshall, 47 Mich., 576, 11 N. W., 392, 41 Am. Rep., 728, and Howes v. Rose, 13 Ind. App., 674, 42 N. E., 303, 55 Am. St. Rep., 251. In the latter the first proposition of the syllabus reads:
“The mere sale of a poisonous drug to one who asks for a harmless one, is insufficient to show negligence of the druggist in making the sale.”
The Howes v., Rose case was decided by the Indiana court in 1895, but was expressly overruled in 1907 by the same court in Knoefel v. Atkins, 40 Ind. App., 428, 81 N. E., 600, as shown by the following syllabus:
“Negligence is presumed, where the evidence shows that a druggist sold acetanilid to a customer who ordered phosphate of soda and such customer was severely injured thereby, the doctrine of res ipsa loquitur applying. Howes v. Rose, 13 Ind. App., 674, overruled.”
The Knoefel case, together with Butterfield v. Snellenburg, 231 Pa., 88, 79 Atl., 980, sustain the principle announced in the following text:
“Except in some jurisdictions, evidence that a harmless drug was called for and that by mistake a harmful drug was furnished is sufficient to establish a prima facie case of negligence.” 19 Corpus Juris, 785.
It is clear that the principle res ipsa loquitur should be applied in cases of this character. The druggist has the sole control of the drugs which he offers for sale, both harmful and harmless. His *350 relation to the community is such that there is an obligation cast upon him to see that no harmful or poisonous drug shall be delivered to a customer when a harmless one is asked for; proof of a mistake or inadvertence upon the part of the druggist furnishes an inference sufficient to establish a prima facie case. It raises a presumption of negligence which entitles the customer to recover unless that presumption is rebutted. (Cincinnati Traction Co. v. Hjolzenkamp, 74 Ohio St., 379, 78 N. E., 529, 6 L. R. A. [N. S.], 800, 113 Am. St. Rep., 980.) Were the rule otherwise, plaintiffs in error could not find support in Brown v. Marshall, supra, for the reason that in the case at bar the trial court did, in fact, charge the jury that negligence was necessary to be proved. He was neither requested nor did he charge that a prima facie case of negligence was made if the defendants sold or delivered to the plaintiff an injurious drug instead of a harmless one asked for.
Davis v. Guarnieri, 45 Ohio St., 470, 15 N. E., 350, 4 Am. St. Rep., 548, supports the principle here announced, although the sale by the druggist in that ease was a poison which had not been labeled in compliance with the statute. In its opinion, on page 493, the court said that the jury were amply justified in finding by their general verdict that the plaintiff “called at the drug store of the defendant for a harmless medicine; that the agent of the defendant carelessly sold him a poisonous drug without informing himself by whom or for what it was intended to be used; that the purchaser, supposing it to be what he had called for, administered it to his wife who took it in the belief that it was the *351 harmless medicine, and instantly died from its effects.” With this situation in mind, the opinion on page 492 of 45 Ohio St., on page 361 of 15 N. E. (4 Am. St. Rep., 548), states:
“It is not a sound proposition to say that a dealer in drugs, having in stock, and for sale, deadly poisons, owes no duty to persons who do not deal directly with him in relation to them. The public safety and security against the fatal consequences of negligence in keeping, handling and disposing of such dangerous drugs, is a consideration to which no dealer can safely close his eyes.”
It is evident from the report of the Guarnieri ease that the judgment was not predicated either upon the fact that the sale was of a poisonous drug or that the word “poison” was not labeled on the bottle. In the latter connection the court simply held that proof could be tendered on the fact that the bottle was not labeled as required by statute.
We are of the opinion that, while there was no error in the charge of the trial court in submitting the question of negligence to the jury, the court could well have charged, if the proof warranted it, that the sale and delivery of a harmful drug to a customer, in lieu of a harmless one called for, would constitute negligence prima facie, which, unless rebutted, would entitle the plaintiff to recover. The judgment of the Com’f Appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Matthias, Day and Allen, JJ., concur.